**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jason Earl BADGER, Defendant–Appellant.**

**No. 01–5197.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

This is a direct appeal from a judgment and commitment order in a criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 14, 2000, a grand jury named Jason Earl Badger in a four-count indictment in connection with a series of bank robberies. Badger later made an open plea to the indictment and the district court found Badger guilty of all four counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The court sentenced Badger to a sixty-month term of imprisonment with a three-year period of supervised release and this appeal followed.

Counsel for Badger filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Badger was served with this motion and chose not to respond.

An individual, acting alone, committed four bank robberies in the Middle District of Tennessee between September 29, 1998, and July 31, 2000. The bank robber adopted similar methods at each bank. He would enter the bank, display a note to the teller, calmly demand money, and then leave without having brandished a weapon of any kind. The fourth robbery occurred on July 31, 2000, at the Sun Trust Bank in Henderson, Tennessee. At that time, the robber was seen driving away in a vehicle registered to Badger. Badger's mother positively identified Badger as the perpetrator from surveillance photos in three of the four robberies, tellers from each of the banks positively identified Badger as the culprit, and Badger eventually admitted his factual guilt to each of the charges in open court.

Badger offered an open plea after his indictment, and the district court accepted the plea following a hearing held pursuant to Fed.R.Crim.P. 11(c). The court conducted a Rule 11 colloquy during which the court satisfied itself that Badger was competent to plead and that Badger understood the constitutional protections he was waiving. Federal Bureau of Investigation Special Agent Shelly testified, as summarized earlier, as to the evidence against Badger. The agent also noted that at least two of the bank tellers felt intimidated or fearful to some degree when presented with Badger's note and demand for cash. Badger admitted that the factual summary of the robberies was substantially correct and that he had committed them. The court conditionally accepted the plea, the parties agreed that the guideline sentencing range was likely to be fifty-seven to seventy-one months, and the matter was set over for sentencing.

The parties met for sentencing after the completion of the presentence report. The court accepted the plea, denied Badger's pro se motion for a downward departure based on an allegedly incorrect Social Se-

curity number and on the "safety valve" provisions of USSG § 5C1.2. There were no other substantive objections. The court then pronounced the sentence of record.

Counsel for Badger advances three arguable issues for appellate review in furtherance of her duty under *Anders*. The first issue is whether there was an insufficient factual basis presented to support the conviction for bank robbery by intimidation. Criminal Rule 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R.Crim.P. 11(f); *see United States v. Tunning*, 69 F.3d 107, 111 (6th Cir.1995). This court reviews a Rule 11(f) determination for an abuse of discretion. *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997). Special Agent Shelly testified, without objection, that at least two of the tellers cooperated with Badger's demands out of fear or intimidation and Badger admitted to committing each of the four robberies in the same manner. It thus does not appear that the district court abused its discretion in concluding that each of Badger's robberies was accomplished, in some degree, through fear or intimidation. Badger clearly did not embezzle the money, and none of the tellers voluntarily handed over the bank's funds until faced with a note and a demand by Badger.

The second issue is whether the district court erred in not granting a downward departure in Badger's sentence under the "safety valve" provision of the guideline, USSG § 5C1.2, in recognition of Badger's cooperation with authorities. The short answer to this is that a "safety valve" departure under § 5C1.2 is not available to one convicted of bank robbery.

Finally, the third issue is whether the evidence and admissions of Badger sup-

ported the district court's decision to accept the plea offered. This issue, to the extent it mimics the first issue raised, lacks merit. To the extent that this issue hinges on the court's compliance with Rule 11, it is also without merit as the record reflects the district court's strict adherence to the dictates of Rule 11.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.